FILED
BRADFORD L. BOLTON
CLERK

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO 2003 DEC -8   PM 2: 59

|  |  |  |
|---|---|---|
| In re: | ) | U.S. BANKRUPTCY COURT |
|  | ) | Bankruptcy Case DISTRICT OF COLORADO |
| Paul Adam Wexler and | ) | No. 03-27669-SBB        B |
| Jenine Renee Wexler | ) |  |
| Debtors. | ) |  |
|  | ) | Adversary Proceeding |
| Geoffrey J. Phillips | ) | No. |
| *Plaintiff* | ) |  |
| v. | ) | **03·2099    EEB** |
| Paul Adam Wexler | ) |  |
| *Defendant.* | ) |  |

---

## COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT
## PURSUANT TO 11 U.S.C. § 523

---

Plaintiff, Geoffrey Phillips (Phillips), through his counsel, Bennington Johnson Biermann & Craigmile, LLC, hereby files his complaint against Paul Adam Wexler (Wexler) to determine the dischargeability of debt, pursuant to 11 U.S.C. §§523(a)(2)(A), and 523(a)(2)(B). In support of this complaint, Phillips alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1.      Geoffrey Phillips is an individual. Phillips is a Colorado resident, having a business address of 9145 E. Kenyon Avenue, #202, Denver, Colorado 80237.

2.      Defendant Paul Adam Wexler was, at all times pertinent to this Complaint, a Colorado resident. Upon information and belief, Wexler is now residing at 1947 Harbor View Circle, Weston, Florida 33327-1342.

3.      Wexler is a Debtor in the above captioned bankruptcy case pending in the District Court of Colorado; accordingly venue is appropriate pursuant to 11 U.S.C. § 1408.

4.      Wexler is a licensed attorney in the state of Colorado.

5.      Jurisdiction is proper in this Court as this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and § 1334.

1

## FACTUAL ALLEGATIONS

6.    From 1994 through the date of his bankruptcy petition on September 5, 2003, Wexler operated a business known as Paul Adam Custom Homes, LLC.

7.    Wexler was an owner, member, and manager of Paul Adam Custom Homes, LLC, from 1994-2003.

8.    In approximately February, 2002, Wexler approached Phillips, requesting a loan in the amount of $75,000.00 for the benefit of his company, Paul Adam Custom Homes, LLC.

9.    In approximately February, 2002, Wexler owned all or the majority interest in Paul Adam Custom Homes, LLC.

10.    In approximately February, 2002, Phillips advised that he would be willing to loan Wexler money on a secured basis.

11.    In approximately February, 2002, Wexler agreed to provide a deed of trust on property owned by his company to secure the note.

12.    On or about February 19, 2002, Phillips and Paul Adam Custom Homes, LLC, executed a promissory note (the "Stanford Note") in the amount of $75,000.00, secured by a deed of trust on property located at 5801 E. Stanford Drive, Denver, Colorado (the "Stanford Deed of Trust"). The Stanford Note is attached hereto as **Exhibit A**. The Stanford Deed of Trust is attached hereto as **Exhibit B**.

13.    The Stanford Note and Stanford Deed of Trust were executed by Wexler, as manager of Paul Adam Custom Homes, LLC.

14.    Although the Stanford Note and Stanford Deed of Trust purported to convey a security interest in property located at 5801 E. Stanford Drive, Denver, Colorado (the "Stanford Property"), the grantor, Paul Adam Custom Homes, LLC, did not own the Stanford Property at the time of execution of the Stanford Note and Stanford Deed of Trust.

15.    On February 19, 2002, and at all times pertinent to this Complaint, the Stanford Property was owned by Wexler, individually. *See,* **Exhibit C, Warranty Deed.**

16.    On and prior to February 19, 2002, Wexler represented that the Stanford Property was owned by Paul Adams Custom Homes, LLC.

17.    On February 19, 2002, Wexler knew that the Stanford Property was owned by Wexler, and not by Paul Adam Custom Homes, LLC.

2

18.    On February 19, 2002, Wexler knew that Phillips relied on his representation that the Stanford Property was owned by Paul Adam Custom Homes, LLC.

19.    On February 19, 2002, Wexler intended Phillips to rely on his representation that the Stanford Property was owned by Paul Adam Custom Homes, LLC.

20.    Phillips relied upon Wexler's representation that the Stanford Property was owned by Paul Adam Custom Homes, LLC.

21.    Phillips was harmed by his reliance in that the Stanford Deed of Trust did not attach to the Stanford Property because the conveyance was outside of the chain of title. Accordingly, Phillips became an unsecured creditor.

22.    In January, 2003, in return for a third extension of time to make payments under the Stanford Note and Deed of Trust, Wexler caused his wife, Jenine Wexler, to execute a deed of trust in favor of Phillips on property located at 185 Poplar Street, Denver, Colorado. The Third Amendment to Promissory Note is affixed to **Exhibit A.**

23.    Wexler's actions, as set forth above, in transferring an interest in the Stanford Property, were outside the scope of his authority as a manager of Paul Adam Custom Homes, LLC, and constituted an intentional tort.

24.    Wexler's actions, as set forth above, in transferring an interest in the Stanford Property, were taken for the benefit of Wexler individually and as the owner of Paul Adam Custom Homes, LLC.

25.    Wexler used Paul Adam Custom Homes, LLC, as a mere instrumentality for the transaction of his own affairs.

26.    Wexler used his ownership of Paul Adam Custom Homes, LLC, to induce Phillips to enter into a loan transaction which was allegedly secured, when, in fact, it was not a secured transaction.

27.    Wexler filed bankruptcy on September 5, 2003.

28.    Wexler filed a Statement of Financial Affairs and Schedules on October 3, 2003.

29.    Wexler failed to respond to Question 22 of the Statement of Financial Affairs and failed to list the owners, members or managers of Paul Adam Custom Homes, LLC, if any.

30.    Upon information and belief, Wexler is the majority or sole owner of Paul Adam Custom Homes, LLC.

3

## FIRST CLAIM FOR RELIEF
## (11 U.S.C. § 523(A)(2)(A))

31.     Phillips incorporates by reference the allegations set forth above as if fully set forth herein.

32.     Wexler obtained financing from Phillips in the amount of $75,000.00 for the benefit of his company, Paul Adam Custom Homes, LLC.

33.     The financing was acquired through false representations and/or actual fraud.

WHEREFORE Plaintiff Phillips requests that the Court determine that (1) Wexler should be held liable for the debt owed to Phillips, including attorneys fees and costs; (2) the debt owed to Phillips is non-dischargeable; and (3) entry of a judgment of non-dischargeability.

## SECOND CLAIM FOR RELIEF
## (11 U.S.C. § 523(A)(2)(B))

34.     Phillips incorporates by reference the allegations set forth above as if fully set forth herein.

35.     Wexler obtained financing from Phillips in the amount of $75,000.00 for the benefit of his company, Paul Adam Custom Homes, LLC.

36.     The Stanford Note and Deed of Trust constitute a written statement as to the financial condition of an insider of the Debtor, Paul Adam Custom Homes, LLC.

37.     Through the Stanford Note and Deed of Trust, Wexler misrepresented Paul Adam Custom Homes, LLC's ownership of the Stanford Property.

38.     The misrepresentation was material.

39.     Phillips reasonably relied upon the misrepresentation.

40.     The debtor caused the misrepresentation to be made with the intent to deceive Phillips.

4

WHEREFORE Plaintiff Phillips requests that the Court determine that 1) Wexler should be held liable for the debt owed to Phillips, including attorneys fees and costs; (2) the debt owed to Phillips is non-dischargeable; and (3) entry of a judgment of non-dischargeability.

Respectfully submitted this 8th day of December, 2003.

BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC


Deanna L. Westfall, #23449
370 17th Street, Suite 3500
Denver, Colorado 80202
Telephone:     303.629.5200
Telefax:       303.629.5718
Email:  dlw@benningtonjohnson.com

Plaintiff's Address:

Geoffrey Phillips
9145 E. Kenyon Avenue, Suite 202
Denver, Colorado 80237

## Promissory Note
### (Paul Adam Custom Homes, LLC - Phillips)

$75,000

Denver, Colorado
February 19, 2002

FOR VALUE RECEIVED, Paul Adam Custom Homes, LLC, a Colorado limited liability company ("Borrower"), promises to pay to the order of Geoffrey J. Phillips, an individual or any subsequent holder ("Lender") of this Promissory Note ("Note"), the principal sum of Seventy Five Thousand Dollars ($75,000), or so much thereof as may be outstanding from time to time, with interest accruing as provided in this Note, payable as follows:

(i)      Interest shall accrue from the date of this Note at the rate equal to twenty percent (20%) on the unpaid principal balance from time to time outstanding until paid.  Accrued interest shall be due and payable monthly to Lender beginning March 15, 2002.

(ii)     Payment of interest shall be calculated by multiplying the unpaid and outstanding principal balance under the Note on the day prior to the date of payment of such interest payment by one and six hundred sixty seven thousandths percent (1.667%).

(iii)    Principal under the Note (together with interest accrued but unpaid, if any) shall be paid no later than May 30, 2002, at which time the entire unpaid principal balance plus any accrued and unpaid interest thereon shall be due and payable in full.

Principal and interest shall be payable at 9145 E. Kenyon Avenue, Suite 200, Denver, Colorado 80237, or such other place as Lender may designate.

Payments shall be applied first to Lender's costs and expenses, if any, then to interest, then to principal.


Exhibit A

Borrower may prepay the Note in whole or in part at any time during the term of this Note. Prepayments of principal shall be applied immediately by Lender to reduce the outstanding principal balance of this Note.

Failure to pay any interest installment on this Note when due or the failure to pay this Note at maturity shall, at the election of Lender, without further notice or demand to Borrower, mature the entire unpaid balance of principal and accrued interest and all other amounts owing to Lender and such amounts shall at once become due and payable in full. All payments due under this Note shall be paid when due, without deduction or setoff of any kind. No failure or delay on the part of Lender in exercising any right hereunder shall operate as a waiver of such right. The remedies provided in this Note are cumulative of any remedies provided by law and may be pursued concurrently or consecutively.

If any payment under this Note is not received by Lender within ten (10) calendar days after the payment is due, Borrower shall pay to Lender a "late charge", as liquidated damages, of five percent (5%) of such payment, such late charge to be immediately due and payable without demand by Lender. If any payment under this Note remains past due for thirty (30) calendar days or more, the outstanding principal balance of this Note shall bear interest from the date said payment was due during the period in which Borrower in default at a rate equal to twenty-eight percent (28%) per annum. If such increased rate of interest may not be collected from Borrower under applicable law, then this Note shall bear interest at the maximum increased rate of interest, if any, which may be collected from Borrower under applicable law.

Borrower and any endorsers of this Note severally waive presentment for payment, protest, notice of dishonor, nonpayment, and of protest, and agree to any extension or extensions of time of payment and partial payments before, at, or after maturity. If this Note is not paid when due, and if

2

placed in the hands of an attorney, or if suit is brought, or if this Note is collected or enforced

through probate or bankruptcy proceedings (including any proceeding, either federal or state, for the

relief of debtors), or in any receivership proceeding, then Borrower agrees to pay all reasonable

costs incurred by Lender, including, but not limited to, Lender's attorneys' fees.

     This Note is secured by a Deed of Trust. This Note and the Deed of Trust are made in and

shall be governed by the laws of the State of Colorado. The venue of any legal action in connection

with this Note shall be the District Court for the County of Arapahoe, State of Colorado.

     Paul Adam Custom Homes, LLC,
a Colorado limited liability company

By: _____

    Paul A. Wexler, Manager

3

# First Amendment to Promissory Note
### (Paul Adam Custom Homes, LLC - Phillips)

This First Amendment to Promissory Note (Paul Adam Custom Homes, LLC - Phillips) (this "First Amendment") is entered into as of the 30th day of May, 2002.

A.    On February 19, 2002, Paul Adam Custom Homes, LLC, a Colorado limited liability company ("PACH"), executed that certain Promissory Note (Paul Adam Custom Homes, LLC - Phillips) (the "Note"). The Note is payable to the order of Geoffrey J. Phillips, an individual ("Phillips").

B.    The Note is secured by a Deed of Trust (Paul Adam Custom Homes, LLC - Phillips) (the "Deed of Trust"), which encumbers certain real property (the "Property") located in Arapahoe County, Colorado, as more particularly described in the Deed of Trust. The Deed of Trust was recorded on February 21, 2002, at Reception No. B2034514.

Phillips and PACH have agreed to further modify the terms and conditions of the Note.

Notwithstanding anything to the contrary contained in the Note or Deed of Trust, the unpaid principal balance of the Note (together with any interest accrued but unpaid, if any) shall be due and payable August 30, 2002.

This First Amendment may be executed in counterparts. Except as otherwise expressly set forth in this First Amendment, the terms and conditions of the Note remain unmodified and in full force and effect.

Lender:                                        Borrower:

                                               Paul Adam Custom Homes, LLC,
                                               a Colorado limited liability company

_____                        By: _____
Geoffrey J. Phillips                               Paul A. Wexler, Manager

## Second Amendment to Promissory Note
(Paul Adam Custom Homes, LLC - Phillips)

This Second Amendment to Promissory Note (Paul Adam Custom Homes, LLC - Phillips) (this "Second Amendment") is entered into as of the 30th day of August, 2002.

A.     Paul Adam Custom Homes, LLC, a Colorado limited liability company ("PACH"), executed that certain Promissory Note (Paul Adam Custom Homes, LLC - Phillips) on February 19, 2002, as amended by the First Amendment to Promissory Note dated May 30, 2002 (collectively the "Note"). The Note is payable to the order of Geoffrey J. Phillips, an individual ("Phillips").

B.     The Note is secured by a Deed of Trust (Paul Adam Custom Homes, LLC - Phillips) (the "Deed of Trust"), which encumbers certain real property (the "Property") located in Arapahoe County, Colorado, as more particularly described in the Deed of Trust. The Deed of Trust was recorded on February 21, 2002, at Reception No. B2034514.

Phillips and PACH have agreed to further modify the terms and conditions of the Note.

Notwithstanding anything to the contrary contained in the Note or Deed of Trust, the unpaid principal balance of the Note (together with any interest accrued but unpaid, if any) shall be due and payable January 31, 2003.

This Second Amendment may be executed in counterparts. Except as otherwise expressly set forth in this Second Amendment, the terms and conditions of the Note remain in full force and effect.

Lender:

_____
Geoffrey J. Phillips

Borrower:

Paul Adam Custom Homes, LLC,
a Colorado limited liability company

By: _____
      Paul A. Wexler, Manager

## Third Amendment to Promissory Note
(Paul Adam Custom Homes, LLC - Phillips)

This Third Amendment to Promissory Note (Paul Adam Custom Homes, LLC - Phillips) (this "Third Amendment") is entered into as of the 31st day of January, 2003.

A.      Paul Adam Custom Homes, LLC, a Colorado limited liability company ("PACH"), executed that certain Promissory Note (Paul Adam Custom Homes, LLC - Phillips) on February 19, 2002, as amended by the First Amendment to Promissory Note dated May 30, 2002 and the Second Amendment to Promissory Note dated August 30, 2002 (collectively the "Note"). The Note is payable to the order of Geoffrey J. Phillips, an individual ("Phillips").

B.      The Note is secured by a Deed of Trust (Paul Adam Custom Homes, LLC - Phillips) (the "First Deed of Trust"), which encumbers certain real property located in Arapahoe County, Colorado, as more particularly described in the First Deed of Trust. The Deed of Trust was recorded on February 21, 2002, at Reception No. B2034514.

Phillips and PACH have agreed to further modify the terms and conditions of the Note.

Notwithstanding anything to the contrary contained in the Note or First Deed of Trust, the unpaid principal balance of the Note (together with any interest accrued but unpaid, if any) shall be due and payable as follows:

Principal payments under this Note in the amount of Twenty Thousand Dollars ($20,000) shall be due on the last day of each month beginning February 28, 2003, with the remainder of the principal (together with interest accrued but unpaid, if any) due April 30, 2003 at which time the entire unpaid principal balance plus any accrued and unpaid interest thereon shall be due and payable in full.

In consideration of Phillips' amending the Note extending the date when the payments are due, Jenine Wexler (the spouse of Paul Wexler, Manager of PACH) has provided security in the form of a Deed of Trust (Due on Transfer – Strict) (PACH – Popular Street) dated January 31, 2003 ("Second Deed of Trust"), which encumbers certain real property located in the City and County of Denver, Colorado, as more particularly described in the Second Deed of Trust.

This Third Amendment may be executed in counterparts. Except as otherwise expressly set forth in this Third Amendment, the terms and conditions of the Note remain in full force and effect.

Lender:

Borrower:

Paul Adam Custom Homes, LLC,
a Colorado limited liability company

By: _____
_____
Geoffrey K. Phillips

Paul A. Wexler, Manager

2

B2034514
2/21/2002 16:02:19
PG: 0001-009
45.00 DOC FEE:      0.00
TRACY K. BAKER
ARAPAHOE COUNTY

# Deed of Trust
## (Paul Adam Custom Homes, LLC – Phillips)

This Deed of Trust is made as of this 19th day of February, 2002, between Paul Adams Custom Homes, LLC, a Colorado limited liability company ("Borrower"), whose address is 10915 E. Maplewood Drive, Englewood, Colorado 80111, Colorado 80237, and the Public Trustee of Arapahoe County, State of Colorado ("Trustee"), for the benefit of Geoffrey J. Phillips, an individual ("Lender"), whose address is 9145 E. Kenyon Avenue, Suite 200, Denver, Colorado 80237, or such other place as Lender may designate.

Borrower and Lender covenant and agree as follows:

1.      Property in Trust.  Borrower, in consideration of the indebtedness herein recited and the trust herein created, hereby grants and conveys to Trustee in trust, with power of sale, the property located in the County of Arapahoe, State of Colorado:

The real property described on Exhibit A, attached hereto and incorporated herein by reference (hereinafter referred to as "Real Estate"), together with the following, (all of which shall be collectively referred to as the "Property"):

i.      All buildings, structures, and improvements of every kind now or hereafter located on the Real Estate;

ii.     All rights-of-way, easements, and all other appurtenances to the Real Estate;

iii.    All of Borrower's right, title and interest in any land lying between the boundaries of the Real Estate and the center line of any adjacent street, road, avenue, alley or public place, whether opened or proposed;

iv.     All of Borrower's right, title and interest in any water and water rights, including fixtures and equipment necessary for the use of such water or water rights, including, but not limited to, water rights relating in any way to the real estate owned or claimed by Borrower, whether or not such water and water rights have been adjudicated, including all stock certificates or other documentation evidencing ownership of such water and water rights and all ditches, wells, reservoirs and drains and all such rights which are appurtenant to or which have been used in connection with the Real Estate. All such interests are and shall remain subject to this Deed of Trust without the express release thereof by Lender regardless of any change in the use or character thereof whatsoever;

v.      All oil, gas, coal, gravel, minerals or mineral rights, crops, timber, trees, shrubs, flowers, and landscaping features now or hereafter located on, under or above the Real Estate;

NA
Exhibit B

vi.     All machinery, appliances, apparatus, equipment, fittings, fixtures, (whether actually or constructively attached, and including all trade, domestic and ornamental fixtures) now or hereafter located in, upon or under the Real Estate and used or usable in connection with any present or future operation thereof, including, but not limited to: all heating, air conditioning, freezing, lighting, laundry, incinerating and power equipment; engines; pipes; pumps; tanks; motors; conduits; switchboards; plumbing, lift, cleaning, fire prevention, fire extinguishing, refrigerating, ventilating, cooking, and communications apparatus; boilers, water heaters, ranges, furnaces, and burners; vacuum cleaning systems; elevators; escalators; shades; awnings; screens; storm doors and windows; stoves; refrigerators; attached cabinets; partitions; ducts and compressors; rugs and carpets; draperies; and all additions, thereto and replacements therefor (exclusive of any of the foregoing owned or leased by lessees of space in the improvements);

vii.     All awards and payments, including interest thereon, resulting from the exercise of any right of eminent domain or any other public or private taking of, injury to, or decrease in the value of, the Real Estate; and

viii.     All other or greater rights and interests of every nature in the Real Estate and in the possession or use thereof and income therefrom, whether now owned or subsequently acquired by Borrower.

2.     <u>Note; Other Obligations Secured</u>. This Deed of Trust is given to secure to Lender:

A.     The repayment of the indebtedness evidenced by Borrower's note ("Note") dated as of February 19, 2002, in the principal sum of Seventy Five Thousand ($75,000), according to the terms of the Note. Borrower shall have the right to prepay the principal amount outstanding under said Note, in whole or in part, at any time during the term of the Note, as set forth in the Note;

B.     The payment of all other sums, with interest thereon at the rate of twenty eight percent (28%) per annum (the "Default Rate") disbursed by Lender in accordance with this Deed of Trust to protect the security of this Deed of Trust;

C.     The covenants, representations, warranties and agreements of Borrower contained herein or in any other document, instrument or agreement executed in connection with the Note ("Loan Documents"); and

D.     In the event of any default under the Note, this Deed of Trust, the obligations owed shall accrue interest at the Default Rate.

3.     <u>Title</u>. Borrower covenants that Borrower owns and has the right to grant and convey the Property, and warrants title to the same, subject to general real estate taxes for the

2

current year, easements of record or in existence, and recorded declarations, restrictions, reservations and covenants, if any, as of this date.

4. _Payment of Principal and Interest_. Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, and late charges as provided in the Note and shall perform all of Borrower's other covenants and agreements contained in the Note and the Loan Documents.

5. _Application of Payments_. All payments received by Lender under the terms hereof shall be applied by Lender first in payment of amounts disbursed by Lender pursuant to Paragraph 9 (Protection of Lender's Security), and the balance in accordance with the terms and conditions of the Note and Loan Documents.

6. _Charges; Liens_. Borrower shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may have or attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any, by Borrower making payment when due, directly to the payee thereof. Despite the foregoing, Borrower shall not be required to make payments otherwise required by this paragraph if Borrower, after notice to Lender, shall in good faith contest such obligation by, or defend enforcement of such obligation in legal proceedings which operate to prevent the enforcement of the obligation or forfeiture of the Property or any part thereof, only upon Borrower making all such contested payments and other payments as ordered by the court to the registry of the court in which such proceedings are filed.

7. _Property Insurance_. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire or hazards or comprehensive liability included within the term "extended coverage" in an amount at least equal to the lesser of: (A) the insurable value of the Property, or (B) an amount sufficient to pay the sums secured by this Deed of Trust. All of the foregoing shall be known as "Property Insurance".

The insurance carrier providing the insurance shall be qualified to write Property Insurance in Colorado and shall be chosen by Borrower subject to Lender's right to reject the chosen carrier for reasonable cause. All insurance policies and renewals thereof shall include a standard mortgage clause in favor of Lender, and shall provide that the insurance carrier shall notify Lender at least ten (10) days before cancellation, termination or any material change of coverage. Insurance policies shall be furnished to Lender at or before closing. Lender shall have the right to hold the policies and renewals thereof.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Insurance proceeds shall be applied to restoration or repair of the Property damaged, provided such restoration or repair is economically feasible and the security of this Deed of Trust is not thereby impaired. If such restoration or repair is not economically feasible or if the security of this Deed of Trust would be impaired, the insurance proceeds shall be applied to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower. If the Property is abandoned by

3

Borrower, or if Borrower fails to respond to Lender within thirty (30) days from the date notice is given in accordance with Paragraph 16 (Notice) by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

Any such application of proceeds to principal shall not extend or postpone the due date of the installments referred to in Paragraph 4 (Payment of Principal and Interest) or change the amount of such installments, except as otherwise set forth in the Note. Notwithstanding anything herein to the contrary, if under Paragraph 18 (Acceleration; Foreclosure; Other Remedies) the Property is acquired by Lender, all right, title and interest of Borrower in and to any insurance policies and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition shall pass to Lender to the extent of the sums secured by this Deed of Trust immediately prior to such sale or acquisition.

8. <u>Preservation and Maintenance of Property</u>. Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. Borrower shall perform all of Borrower's obligations under any declarations, covenants, by-laws, rules, or other documents governing the use, ownership or occupancy of the Property.

9. <u>Protection of Lender's Security</u>. Except when Borrower has exercised Borrowers' rights under Paragraph 6 (Charges; Liens) above, if Borrower fails to perform or otherwise breaches the covenants, agreements, representations or warranties contained in the Loan Documents or in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, with notice to Borrower if required by law, may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest, including, but not limited to, disbursement of reasonable attorneys' fees and entry upon the Property to make repairs.

Any amounts disbursed by Lender pursuant to this Paragraph 9, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts shall be payable within ten (10) days of written notice from Lender to Borrower requesting payment thereof and Lender may bring suit to collect any amounts so disbursed plus interest specified in subparagraph 2.B. (Note; Other Obligations Secured). Nothing contained in this Paragraph 9 shall require Lender to incur any expense or take any action hereunder.

10. <u>Inspection</u>. Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

11. <u>Condemnation</u>. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Borrower as herein provided. However, all of the rights of Borrower and Lender hereunder with

4

respect to such proceeds are subject to the provisions of Paragraph 21 (Partial Releases) of this Deed of Trust.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower. In the event of a partial taking of the Property, the proceeds remaining after taking out any part of the award due any prior lien holder (net award) shall be divided between Lender and Borrower, in the same ratio as the amount of the sums secured by this Deed of Trust immediately prior to the date of taking bears to Borrower's equity in the Property immediately prior to the date of taking. Borrower's equity in the Property means the fair market value of the Property less the amount of sums secured by both this Deed of Trust and all prior liens (except taxes) that are to receive any of the award, all at the value immediately prior to the date to taking.

If the Property is abandoned by Borrower, or if, after notice is given, Lender is authorized to collect and apply the proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

Any such application of proceeds to principal shall not extend or postpone the due date of the installments referred to in Paragraph 4 (Payment of Principal and Interest) nor change the amount of such installments, except as otherwise set forth in the Note and Paragraph 21 (Partial Releases) of this Deed of Trust.

   12.    [*intentionally omitted*]

   13.    Forbearance by Lender Not a Waiver.  Any forbearance by Lender in exercising any right or remedy hereunder, or under any of the Loan Documents otherwise afforded by law, shall not be a waiver or preclude the exercise of any such right or remedy.

   14.    Remedies Cumulative.  Each remedy provided in the Note, this Deed of Trust and the Loan Documents is distinct from and cumulative to all other rights or remedies under the Note, this Deed of Trust and the Loan Documents or afforded by law or equity, and may be exercised concurrently, independently or successively.

   15.    Successors and Assigns Bound; Joint and Several Liability; Captions.  The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower.  All covenants and agreements of Borrower shall be joint and several.  The captions and headings of the paragraphs in this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

   16.    Notice.  Except for any notice required by law to be given in another manner, (A) any notice to Borrower provided for in this Deed of Trust shall be in writing and shall be given and be effective upon: (i) delivery to Borrower; or (ii) five (5) days after mailing such notice by first-class U.S. mail, addressed to Borrower at Borrower's address stated herein or at such other address as Borrower may designate by notice to Lender as provided herein; and (B) any notice to Lender shall be in writing and shall be given and be effective upon: (i) delivery to Lender; or (ii) five (5)

days after mailing such notice by first-class U.S. mail, to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in any manner designated herein.

17.    Governing Law; Severability. The Note, this Deed of Trust and the Loan Documents shall be governed by the laws of the State of Colorado. In the event that any provision or clause of this Deed of Trust, the Note or the Loan Documents conflicts with the law, such conflict shall not affect other provisions of this Deed of Trust, the Note or the Loan Documents which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust, Note and Loan Documents are declared to be severable.

18.    Acceleration; Foreclosure; Other Remedies. Upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, or upon any default in a prior lien upon the Property, (unless Borrower has exercised Borrower's rights under Paragraph 6 (Charges; Liens) above), at Lender's option, all of the sums secured by this Deed of Trust shall be immediately due and payable ("Acceleration"). To exercise this option, Lender may invoke the power of sale and any other remedies permitted by law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this Deed of Trust, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of such election. Trustee shall give such notice to Borrower of Borrower's rights as is provided by law. Trustee shall record a copy of such notice as required by law. Trustee shall advertise the time and place of the sale of the Property, not less than four (4) weeks in a newspaper of general circulation in each county in which the Property is situated, and shall mail copies of such notice of sale to Borrower and other persons as prescribed by law. After the lapse of such time as may be required by law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place (which may be on the Property or any part thereof as permitted by law) in one or more parcel as Trustee may think best and in such order as Trustee may determine. Lender or Lender's designee may purchase the Property at any sale. It shall not be obligatory upon the purchaser at any such sale to see to the application of the purchase money.

Trustee shall apply the proceeds of the sale in the following order: (A) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (B) to all sums secured by this Deed of Trust; and (C) the excess, if any, to the person or persons legally entitled thereto.

19.    Borrower's Right to Cure Default. Whenever foreclosure is commenced for nonpayment of any sums due hereunder, the owners of the Property or parties liable hereon shall be entitled to cure said defaults by paying all delinquent principal and interest payments due as of the date of cure, costs, expenses, late charges, attorneys' fees and other fees all in the manner provided by law. Upon such payment, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as though no Acceleration had occurred, and the foreclosure proceedings shall be discontinued.

6

20.    Assignment of Rents; Appointment of Receiver; Lender in Possession.  As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property; however, Borrower shall, prior to Acceleration under Paragraph 18 (Acceleration; Foreclosure; Other Remedies) or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Lender or the holder of Trustee's certificate of purchase shall be entitled to a receiver for the Property after Acceleration under Paragraph 18 (Acceleration; Foreclosure; Other Remedies), and shall also be so entitled during the time covered by foreclosure proceedings and the period of redemption, if any; and shall be entitled thereto as a matter of right without regard to the solvency or insolvency of Borrower or of the then owner of the Property, and without regard to the value thereof.  Such receiver may be appointed by any Court of competent jurisdiction upon ex parte application and without notice – notice being hereby expressly waived.

Upon Acceleration under Paragraph 18 (Acceleration; Foreclosure; Other Remedies), or abandonment of the Property, Lender, in person, by agent or by judicially-appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due.  All rents collected by Lender or the receiver shall be applied, first, to payment of the costs of preservation and management of the Property, second, to payments due upon prior liens, and then to the sums secured by this Deed of Trust.  Lender and the receiver shall be liable to account only for those rents actually received.

21.    Waiver of Exemptions.  Borrower hereby waives all right of homestead and any other exemption in the Property under state or federal law presently existing or hereafter enacted.

22.    Subordination to Prior Deed of Trust.  The lien of this Deed of Trust, and the rights and obligations of the Lender and Borrower hereunder, shall be subordinate and subject to, in all respects, the lien and terms and provisions of that certain Deed of Trust for the benefit of Ohio Savings Bank, encumbering the Property and recorded on February 8, 2001 at Reception No. B1018499, in the office of the Clerk and Recorder of Arapahoe County, State of Colorado.

23.    Borrower's Copy.  Borrower acknowledges receipt of a copy of the Note and this Deed of Trust.

**(INTENTIONALLY LEFT BLANK)**

In Witness Whereof, this Deed of Trust has been executed by Borrower as of the day and year first above written.

Paul Adam Custom Homes, LLC,
a Colorado limited liability company

By: _____
Paul A. Wexler, Manager


**STATE OF COLORADO** )
) ss.
**CITY AND COUNTY OF DENVER** )

The foregoing was acknowledged before me this 19th day of February, 2002 by Paul A. Wexler, as Manager of Paul Adam Custom Homes, LLC, a Colorado limited liability company, on its behalf.

WITNESS my hand and official seal.

My Commission Expires
04/25/2004

My commission expires: _____.

(SEAL)

_____
Notary Public

8

99

## Exhibit A
### to
### Deed of Trust
### (Paul Adam Custom Homes, LLC – Phillips)

### (Legal Description)

Lot 5, Morrone Estates,
County of Arapahoe,
State of Colorado.


also known as 5801 E. Stanford Drive, Denver, Colorado.

9

65

| Filed for record the _____ day of _____ A.D. 19___ , at _____ o'clock ___ M. _____ RECORDER |
| Reception No. _____ By _____ DEPUTY. |

## WARRANTY DEED

THIS DEED, Made on this day of __April 05, 1999__
between  GINA MELSTROM

A9058031
4/06/99 12:21:58
PG: 0001-001
6.00  DOC FEE:   65.00
DONETTA DAVIDSON
ARAPAHOE COUNTY

of the _____ County of _____ and State of _____ , of the Grantor(s), and
PAUL A. WEXLER

whose legal address is : __1801 WYNKOOP STREET, STE. 503, DENVER, CO 80202__
of the _____ County of __DENVER__ and State of __Colorado__ , of the Grantee(s);

WITNESS, That the Grantor(s), for and in consideration of the sum of (         $650,000.00        )

*** Six Hundred Fifty Thousand and 00/100 ***                                      DOLLARS

the receipt and sufficiency of which is hereby acknowledged, has granted, bargained, sold and conveyed, and by these
presents does grant, bargain, sell, convey and confirm unto the Grantee(s), his heirs and assigns forever, all the
real property, together with improvements, if any, situate, lying and being in the _____ County of
ARAPAHOE _____ and State of Colorado, described as follows:
LOT 3, MOREDUNE ESTATES, COUNTY OF ARAPAHOE, STATE OF COLORADO.

State Documentary Fee
Date
$ 65.00

also known as street number  EAST STANFORD DRIVE, ENGLEWOOD, CO 80111

TOGETHER  with all and singular and hereditaments and appurtenances thereto belonging, or in anywise appertaining
and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and all the estate, right
title interest, claim and demand whatsoever of the Grantor(s), either in law or equity, of, in and to the above bargained
premises, with the hereditaments and appurtenances;
TO HAVE AND TO HOLD  the said premises above bargained and described with appurtenances, unto the Grantee(s),
his heirs and assigns forever. The Grantor(s), for himself, his heirs and personal representatives, does covenant, grant,
bargain, and agree to and with the Grantee(s), his heirs and assigns, that at the time of the ensealing and delivery
of these presents, he is well seized of the premises above conveyed, has good, sure, perfect, absolute and indefeasible
estate of inheritance, in law, in fee simple, and has good right, full power and lawful authority to grant, bargain,
sell and convey the same in manner and form as aforesaid, and that the same are free and clear from all former and other
grants, bargains, sales, liens, taxes, assessments, encumbrances and restrictions of whatever kind or nature soever,
EXCEPT GENERAL TAXES AND ASSESSMENTS FOR THE YEAR 1999 AND SUBSEQUENT YEARS, AND SUBJECT TO EASEMENTS,
RESERVATIONS, RESTRICTIONS, COVENANTS AND RIGHTS OF WAY OF RECORD, IF ANY:

The Grantor(s) shall and will WARRANT AND FOREVER DEFEND the above bargained premises in the quiet and peaceable
possession of the Grantee(s), his heirs and assigns, against all and every person or persons lawfully claiming the whole
or any part thereof. The singular number shall include the plural, and the plural the singular, and the use of any gender
shall be applicable to all genders.
IN WITNESS WHEREOF  the Grantor(s) has executed this deed on the date set forth above.

Gina Melstrom
GINA MELSTROM

STATE OF   __Colorado__                   )
                                          ) ss.
CITY AND   County of __DENVER__          )

The foregoing instrument was acknowledged before me on this day of __April 05, 1999__
by  __GINA MELSTROM__

CAROL A. NATION
NOTARY PUBLIC
STATE OF COLORADO

My commission expires
Witness my hand and official seal.
My Commission Expires 10/14/2002

Carol A. Nation
Notary Public

Name and Address of Person Creating Newly Created Legal Description ( 38-35-106.5, C.R.S.)

Escrow# A640543
Title# X660543                     When Recorded Return to: PAUL A. WEXLER
                                   1801 WYNKOOP STREET, STE. 503, DENVER
Form No. 932 Rev C-94. WARRANTY DEED (For Photographic Record)   CO 80202

Exhibit C

# 03·2099 EEB

## Local Bankruptcy Form 102.2, Cover Sheet

| Adversary Proceeding Cover Sheet (Instructions on Reverse) | Adversary Proceeding Number (Court Use Only) |
|---|---|
| Geoffrey A. Phillips | |

| Plaintiffs | Defendants |
|---|---|
| Geoffrey A. Phillips<br><br>Deanna Westfall | Paul Adam Wexler |
| **Attorneys (Firm** Bennington Johnson Biermann & Craigmile, LLC<br>370 17th Street, Ste. 3500<br>Denver, CO 80202<br>**No Attorney: [** Phone: 303-629-5200 | **Attorneys (if known)** Barton Balis<br>Balis & Barrett, PC<br>728 Pearl St.<br>Boulder, CO 80302<br>Phone: 303-443-6924<br>**No Attorney: [ ]** |

Party (check one box only): [ ] 1. U.S. Plaintiff; [ ] 2. U.S. Defendant; [X] 3. U.S. Not a Party

Cause of Action (write a brief statement of cause of action, including all U.S. statutes involved):

Dischargeability of Debt

Nature of Suit (check only the one most appropriate box)

```
[ ] 424 Object to or revoke a discharge 11 U.S.C. ' 727
[X] 426 Determine the dischargeability of a debt 11 U.S.C. ' 523
[ ] 434 Obtain an injunction or other equitable relief
[ ] 435 Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
[ ] 454 Recover Money or Property
[ ] 455 Revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
[ ] 456 Obtain a declaratory judgment relating to any of the foregoing causes of action
[ ] 457 Subordinate any allowed claim or interest except where such subordination is provided in a plan
[ ] 458 Obtain approval for the sale of both the interest of the estate and of a co-owner in property
[ ] 459 Determine a claim or cause of action removed to a bankruptcy court
[ ] 498 Other (Specify)
```

| Origin of Proceedings (check one box only): 1. [X] Original; 2. [ ] Removed; 4. [ ] Reinstated or Reopened; 5. [ ]<br>Transferred from Another Bankruptcy Court | | | [ ] Check if this is a class action under F.R.Civ.P. 23 |
|---|---|---|---|
| Demand | Nearest Thousand<br>$ 75,000 | Other Relief Sought | [ ] Jury Demand |

Bankruptcy Case In Which This Adversary Proceeding Arises

| Name of Debtor(s)<br>Paul Adam Wexler | Bankruptcy Case No.<br>03-27669-SBB |
|---|---|
| District in which Case is Pending<br>Colorado | Divisional Office | Name of Judge<br>Sidney B. Brooks |

Related Adversary Proceeding (if any)

| Plaintiff | Defendant | Adversary Proceeding No. |
|---|---|---|
| District in which Case is Pending | Divisional Office | Name of Judge |

Filing Fee (check one box only): [X] Fee attached; [ ] Fee not required; [ ] Fee is deferred

| Date<br>12/8/03 | Name (print)<br>Deanna Westfall | Signature of Attorney (or Plaintiff)<br>*Deanna Westfall* |
|---|---|---|